1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORTEK HOME CONTROL HOLDINGS,
LLC, a Delaware Limited Liability
Company,

               Petitioner/Cross-Respondent,

      v.

AARON PAUL BAALBERGEN, an
individual,

               Respondent/Cross-Petitioner.

No.  3:20-cv-09319-WHA

**ORDER CONFIRMING
ARBITRATION AWARD,
GRANTING JUDGMENT THEREON,
DENYING VACATUR OR
MODIFICATION OF AWARD, AND
VACATING THE HEARING**

This contract dispute arises out of a Share Purchase Agreement entered into between petitioner Nortek Home Control Holdings, LLC, and respondent Aaron Baalbergen, in August 2017.  Nortek is a global company specializing in home automation, wireless security, and personal safety systems.  Baalbergen is a software engineer, tech entrepreneur, and founder and former Chief Technology Officer of MiOS Ltd., a company which sold a "home automation solution."  Under the SPA, Nortek agreed to purchase a 20% stake in MiOS from Baalbergen for $1.5 million, to be made in three equal installments of $500,000.  The dispute centers on Baalbergen's entitlement to the final installment, which the agreement conditioned on Baalbergen remaining "fully engaged" in the work to upgrade MiOS's core software platform.

After Nortek denied its obligation to make the final installment payment in response to Baalbergen's request for further assurances, Baalbergen made a demand for arbitration, pursuant to the contract.  The parties agreed on JAMS in San Francisco, California, as the arbitration forum, and they agreed that Zela G. Claiborne, Esq., would serve as the arbitrator.  The

1    arbitration was held over four days in July 2020, via Zoom, due to the pandemic.  The transcript

2    of the arbitration runs some 350 pages.  The Arbitrator heard from eight witnesses, including

3    Baalbergen twice, once in his case-in-chief, and again in rebuttal; Baalbergen's counsel cross-

4    examined Nortek's witnesses; the parties submitted hundreds of exhibits, submitted trial briefs,

5    presented opening statements, closing arguments, and closing briefs.

6    The Arbitrator issued an interim award finding that Baalbergen neither delivered the

7    upgraded software platform, nor remained "fully engaged" towards upgrading the platform, as he

8    was required to do to earn the third installment payment.  As provided by the agreement, the

9    interim award invited Nortek, as the prevailing party, to submit a claim for costs and fees.

10   Nortek did so.  Baalbergen opposed.  The Arbitrator's final award affirmed her interim findings

11   and conclusions and awarded Nortek the costs and fees it requested.

12   Nortek petitioned to confirm the arbitration award in San Francisco Superior Court.

13   Baalbergen removed the petition here, filed opposition to the petition to confirm, and cross-

14   petitioned for vacatur or modification of the award.  Jurisdiction is proper under 28 U.S.C. §

15   1332(a).

16   Sections 10 and 11 of the Federal Arbitration Act provide the exclusive grounds upon

17   which a federal court may vacate, modify, or correct an arbitration decision.  *Kyocera Corp. v.*

18   *Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc).  Section 10

19   permits vacatur only:

20   (1) where the award was procured by corruption, fraud, or undue means;

21   (2) where there was evident partiality or corruption in the arbitrators, or either of them;

22   (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing,
         upon sufficient cause shown, or in refusing to hear evidence pertinent and material to
23       the controversy; or of any other misbehavior by which the rights of any party have been
         prejudiced; or
24

25   (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a
         mutual, final, and definite award upon the subject matter submitted was not made.

26   9 U.S.C. § 10(a).

27   If vacatur is unwarranted, Section 11 provides the grounds for modification or correction

28   of the award:

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

1        (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

2

3        (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

4        (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

5   9 U.S.C. § 11.

6       These grounds provide "an extremely limited review authority." *Kyocera Corp.*, 341

7   F.3d at 998.

8       The agreement here did not modify the usual scope of judicial review.

9       Baalbergen assigns three errors to the arbitration:  (1) the Arbitrator cut off his counsel's

10  cross-examination of Witness O'Neal in reliance on Nortek's representation that it intended to

11  call Witness Schatz who it then did not call, thereby refusing to hear material and pertinent

12  evidence; (2) the Arbitrator misinterpreted the contract to mean that Baalbergen was required to

13  deliver the upgraded software to Nortek; (3) the Arbitrator erred in awarding certain fees and

14  costs to Nortek.  The contentions are meritless; the proceeding was fair.

15      *First*, regardless of her subjective reasoning, the Arbitrator was well within her discretion

16  to disallow cross-examination of Witness O'Neal as to the significance of the changes from the

17  draft agreement to the final agreement on the ground of lack of foundation.  O'Neal was not

18  involved in the drafting of the agreement; he could not recall ever seeing any drafts of the

19  agreement; he could not recall important details of the drafts of the agreement or the negotiation

20  process.  The Arbitrator was well within her discretion to disallow cross-examination of O'Neal

21  on a draft of the agreement he was unfamiliar with.

22      *Second*, the Arbitrator considered whether Baalbergen had performed under either of the

23  asserted meanings of the agreement.  Baalbergen's counsel argued that the agreement only

24  required Baalbergen to remain "fully engaged" in the effort to complete the software platform

25  upgrade, as opposed to actually delivering the completed upgrade.  The Arbitrator found that

26  Baalbergen did not remain fully engaged in the project and therefore, even under the agreement

27  meaning argued by Baalbergen, he did not perform.  A review of the record reveals ample

28  support for the Arbitrator's determination.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Third*, Baalbergen complains in several regards about the fees and costs awarded:

2    attorney's fees were awarded for work unrelated to the arbitration; Nortek's counsel's rental of a

3    conference room for use during the arbitration was unreasonable; costs for preparing deposition

4    transcripts were impermissibly awarded; fact witness costs were impermissibly awarded; and

5    costs for document hosting were impermissibly awarded.  Whether certain fees were incurred for

6    work related or unrelated to the arbitration, and the reasonableness of the use of the conference

7    room, are issues the Arbitrator was far better situated to address because she was intimately

8    aware of all of the circumstances of the case.  As for the latter contentions, the authorities

9    Baalbergen cites are inapposite because they construed the Delaware rules of court or Delaware

10   statutory law.  As Nortek points out, however, Delaware law provides that where there is a

11   contractual provision providing for the shifting of costs, the recoverability of costs is a question

12   of the meaning of the contract, not the rules of court or statutory law (Dkt. No. 9-1 at 33, citing

13   *Comrie v. Enterasys Networks, Inc.*, 2004 WL 5366650 (Del. Ch. 2004)).  Baalbergen shows no

14   error warranting modification of the award under the standards established by the Federal

15   Arbitration Act.

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1    Therefore, Nortek's application to confirm the arbitration award is **GRANTED**.

2 Baalbergen's application to vacate or modify the arbitration award is **DENIED**.

3    **JUDGMENT** shall be entered for petitioner Nortek Home Control Holdings, LLC, for

4 fees and costs in the amount of $ 290,490.82.

5    The hearing on March 4, 2021, is **VACATED**.

6

7    **IT IS SO ORDERED.**

8

9   Dated:  February 23, 2021

10

11    _____

12    WILLIAM
      ALSUP
13    UNITED STATES
      DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28