UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NORTEK HOME CONTROL HOLDINGS, LLC,

    Petitioner,

v.

AARON BAALBERGEN,

    Respondent.

No. 20-09319-WHA

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In this latest installment of this business contract dispute, respondent seeks to recover, pursuant to a contractual provision, the attorney's fees and costs it has incurred in confirming an arbitration award in its favor against respondent. Respondent has filed an opposition that does not address the fee request but only seeks to relitigate issues decided in the underlying arbitration. The fees and costs are reasonable. Therefore, the motion is **GRANTED**.

## STATEMENT

A previous order described the history of this dispute (Dkt. No. 18). Briefly, in October 2019, respondent Aaaron Baalbergen initiated an arbitration, pursuant to the parties' share purchase agreement, against petitioner Nortek Home Control Holdings, LLC, in JAMS in San Francisco. Respondent claimed that petitioner owed him the third and final installment

payment of $500,000 under the agreement. Respondent, through his counsel, agreed with petitioner on an arbitrator.

The arbitration was held over four days in July 2020, via Zoom due to the pandemic. The transcription of the arbitration ran some 350 pages. The arbitrator heard from eight witnesses, including respondent twice, once in his case-in-chief, and again in rebuttal; respondent's counsel cross-examined petitioner's witnesses; the arbitrator saw hundreds of exhibits; the parties submitted trial briefs, presented opening statements, closing arguments, and closing briefs.

The arbitrator found in favor of petitioner against respondent. She found that respondent had not performed under the agreement, which was a condition to petitioner's duty to pay him the final installment payment. Pursuant to the agreement, the arbitrator awarded petitioner, as the prevailing party, $290,490.82 in fees and costs incurred in defending the arbitration.

In October 2020, petitioner filed a petition to confirm the award in San Francisco Superior Court. Respondent removed the petition here, filed an opposition to the petition, and a counter-petition to vacate or modify the award. Respondent argued the arbitration should be vacated or modified because: (1) "the arbitrator refused to allow pertinent and material evidence"; (2) "the arbitrator exceeded her powers by rewriting the [agreement] to conform to her own subjective notions of equity"; and (3) "the arbitrator engaged in a manifest disregard of the controlling law by awarding fees and costs not recoverable under the applicable law" (Dkt. No. 4-1 at pp. 12–15). In support of those arguments, respondent submitted the transcript of the arbitration, nine exhibits which had been submitted to the arbitrator, the parties' arbitration witness lists, the parties' closing briefs, the arbitrator's interim award, petitioner's request for fees from the arbitration, respondent's response opposition thereto, and the arbitrator's final award. Those exhibits totaled some 500 pages.

Petitioner filed an opposition to respondent's cross-petition to vacate or modify the arbitration award and in support of its original petition to confirm the arbitration award. Petitioner's counsel filed a declaration with exhibits in support of confirming the award. Respondent filed a reply.

1  A February order confirmed the arbitration award, finding no error in the arbitration
2  warranting vacatur or modification of the award under the standards of the Federal Arbitration
3  Act. The February order vacated the hearing on the petition and cross-petition. Final
4  judgment was entered in favor of petitioner against respondent in the amount of the arbitration
5  award.

6  On March 23, petitioner filed the instant motion to recover the reasonable fees and costs
7  it has incurred in "the enforcement or collection of" the arbitration award, as provided by the
8  agreement (Dkt. No. 4-4 at 25). While the instant motion for fees was pending, respondent's
9  counsel moved to withdraw and the parties stipulated to extend the time for respondent, to
10 proceed *pro se*, to file an opposition to the motion for fees. An order granted respondent's
11 counsel's motion to withdraw and the parties' stipulation to extend time. Respondent has filed
12 an opposition, complete with exhibits, and petitioner has filed a reply. A telephonic hearing
13 was held on the motion.

**ANALYSIS**

"State law governs whether a party is entitled to attorney's fees in diversity cases such as this one." *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1056 (9th Cir. 2013).

California Civil Code § 1717(a) provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

Here, respondent initiated the arbitration pursuant to, and to enforce his rights under, the parties' share purchase agreement. The arbitrator found petitioner to be the prevailing party on respondent's contract claim and awarded petitioner its fees and costs pursuant to a provision in the agreement. The provision states, as relevant (Dkt. No. 4-4 at 25):

> In the event of any arbitration regarding or arising from this Agreement, the prevailing party, if any and as determined by the arbitrator(s) in its/their sole discretion, shall be entitled to recover its reasonable expenses, attorneys' fees and costs incurred therein or in the enforcement or collection of any award or order rendered

3

therein.

An action to confirm or vacate an arbitration award which determined the parties' rights and obligations under a contract is an "action on a contract" for purposes of § 1717(a). *See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1340 (9th Cir. 1986).

Petitioner seeks a total of $36,312 in attorney's fees and $2,574.59 in costs. The motion is supported by a declaration from petitioner's lead counsel. Counsel states that he is the principal of the Dart Law firm and he has twenty years of experience practicing law in California. Counsel Dart seeks fees based on a rate of $405/hour. Counsel Dart states he kept "detailed and contemporaneous written billing records" but has not provided a copy of those records with this motion (Dkt. No. 23-1 at). Petitioner also seeks to recover the fees for the work of associate Katherine Page on this matter. Associate Page has more than a decade of experience practicing law in California. She billed at a rate of $250/hour.

Counsel states that from October 2020 through February 2021, he worked 45.2 hours on this case. That work included the briefing on the petition to confirm the award filed in the Superior Court and the opposition to the cross-petition to vacate or modify the award filed here. In addition, Associate Page billed 43.8 hours for the same period. At their respective rates, Counsel Dart billed $18,306 and Associate Page billed $10,950 for a subtotal of $29,256 billed to petitioner for work in the October 2020–February 2021 period.

Counsel states that in March, he entered 8.2 hours and Associate Page entered 9.7 hours for a subtotal of $5,746 in fees.

In addition, counsel seeks to recover fees for two hours of his time and two hours of Associate Page's time in drafting the reply to respondent's opposition to this motion and to prepare for the hearing for a subtotal of $1,310.

Petitioner also seeks to recover $2,574.59 in costs including filing fees and document hosting services.

For his part, respondent has filed an opposition with more than 130 pages of exhibits addressed to the underlying contract dispute and the subsequent arbitration, none of which is

4

relevant to the instant motion. Respondent makes vague and unsupported accusations of fraud, perjury, and other misconduct but respondent made none of these arguments in his counter-petition to vacate the arbitration award and there was no evidence of such misconduct in the materials respondent submitted in support of his counter-petition. Moreover, the record of the arbitration indicates he made no such arguments to the arbitrator either. Respondent makes no significant argument in opposition to the instant motion.

The attorneys' hourly rates and time expended are reasonable, as are the costs.

## CONCLUSION

Therefore, petitioner's motion for attorney's fees and costs is **GRANTED**. Petitioner Nortek shall recover **$38,886.59** in fees and costs from respondent Baalbergen.

**IT IS SO ORDERED.**

Dated: May 13, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5